IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **LEZERICK JERMAINE FANE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 18-CV-3261 |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Respondent. | ) ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Lezerick Jermaine Fane's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 ("§ 2255 Petition") (d/e 1). Petitioner's § 2255 Petition is DENIED because it is untimely.

### I. FACTS

In June 2008, the grand jury charged Petitioner with three counts of Distribution of a Controlled Substance (Counts 1, 2, and 3) and one count of Possession of a Controlled Substance (Count 4). Indictment, Case No. 08-30058, d/e 5. In October 2008, Petitioner entered a plea of guilty to Counts 2 and 4 of the Indictment

pursuant to a written Plea Agreement. Plea Agreement, Case No. 08-30058, d/e 16. The Court entered judgment on the plea the same day. Minute Entry, Case No. 08-30058, Oct. 6, 2008.

In the Plea Agreement, the Government agreed to certain sentencing guideline provisions and agreed to inform the Court of the nature, extent, and value of Petitioner's cooperation. Plea Agreement, Case No. 08-30058, ¶¶ 12–15, 18. In exchange, Petitioner waived his right to collaterally attack his conviction and sentence. Id. at ¶ 11.

At the sentencing hearing held in May 2009, the Court accepted the Government's request for a downward departure based on Petitioner's cooperation and sentenced Petitioner to 220 months' imprisonment on each of Counts 2 and 4 to run concurrently with each other. Minute Entry, Case No. 08-30058, May 11, 2009. The Court also imposed an eight-year term of supervised release on each count, dismissed Counts 1 and 3, and ordered Petitioner to pay a $200 special assessment. Judgment, Case No. 08-30058, d/e 24. Petitioner did not appeal.

In April 2017, Petitioner filed a Motion for Extension of Time to File a 28 U.S.C. 2255 Claim. Case No. 08-30058, d/e 53. In that

motion, Petitioner stated that he intended to file a § 2255 Petition based on Mathis v. United States, 136 S. Ct. 2243 (decided June 23, 2016), but that he needed an extension of time in which to do so. The Court denied the Motion for Extension of Time to File a 28 U.S.C. 2255 Claim, noting that Mathis did not provide a basis for a § 2255 Petition. Order and Opinion 2–3, Case No. 08-30058, d/e 60. The Court found that Mathis did not announce a new rule, but, rather, was a case of statutory interpretation, and therefore did not provide an independent basis for a § 2255 Petition. Id. Petitioner did not appeal the Court's decision.

On October 16, 2018, Petitioner filed the § 2255 Petition now before the Court. The § 2255 Petition sets forth twenty-two separate grounds for relief, many with multiple sub-parts. Mot. to Vacate, Set Aside, or Correct Sentence 41, d/e 1.[1] The Government has filed a response to the § 2255 Petition, arguing that Petitioner

---

[1] Petitioner's § 2255 Petition has been docketed in two parts. See d/e 1, d/e 1-1. As such, each of the two documents has its own set of internal page numbers automatically supplied by the Court's electronic case management system. Petitioner has, however, individually paginated each page of his § 2255 Petition. In order to avoid any confusion, when the Court cites to individual page numbers of the § 2255 Petition, the Court uses the page numbers provided by Petitioner, as the Government has also done in its response.

waived his right to collateral attack as part of his plea agreement, the petition is not timely, and Petitioner's arguments cannot succeed on the merits. Resp. 31, d/e 8. Petitioner sought and was granted leave to file a reply in support of his petition. Mot. for Extension of Time to File Reply, d/e 10; Text Order, Dec. 12, 2018; Reply, d/e 12.[2]

On July 10, 2019, the Court granted Petitioner's motion for reduced sentence under Section 404 of the First Step Act of 2018 and sentenced Petitioner to time served plus two weeks imprisonment in the custody of the Bureau of Prisons. Minute Entry, July 10, 2019, Case No. 08-CR-30058. The Court also reduced Petitioner's term of supervised to six years and modified the conditions of supervised release to include six months of community confinement as a term of supervised release. Id. Petitioner therefore continues to be in custody, making him potentially eligible for habeas corpus release. See Burd v. Sessler, 702 F.3d 429, 435 (7th Cir. 2010) ("Release from prison does not,

---

[2] Petitioner's reply is similarly docketed across multiple docket entries. See d/e 12, 12-1, 12-2, 12-3. But again, as with his § 2255 Petition, Petitioner has individually paginated each page of the reply in sequential order. As with Petitioner's § 2255 Petition, the Court uses the page numbers provided by Petitioner in order to avoid any confusion.

standing alone, eliminate the possibility of habeas corpus relief because mandatory supervised release often entails sufficient restraints on liberty to meet the 'in custody' requirement of habeas corpus." (citing <u>Cochran v. Buss</u>, 381 F.3d 637, 640 (7th Cir. 2004))).

## II. ANALYSIS

A one-year period of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Subsections (1), (2), and (3) are relevant to this case.

In his § 2255 Petition—filed nearly nine years from the entry of judgment—Petitioner argues that the one year statute of limitations for filing a § 2255 Petition should run from either the date of the Supreme Court's decision in Rosales-Mireles v. United States, 138 S. Ct. 1897 (decided June 18, 2018), or the date on which Petitioner claims to have first received a copy of his plea agreement (sometime in April 2018). Mot. to Vacate, Set Aside, or Correct Sentence 41, d/e 1. Because the Court finds the Petition is untimely, the Court will not address the remaining arguments in Petitioner's § 2255 Petition.

Under § 2255(f)(1), the one-year period begins to run on the date the judgment becomes final. At the time of Petitioner's conviction, Federal Rule of Appellate Procedure 4 required that a notice of appeal be filed within ten days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A) (2009) (eff. until Dec. 1, 2009). At that time, the Federal Rules of Appellate Procedure also specified that when calculating a period of time of less than eleven days, weekends and holidays were to be excluded. Fed. R. App. P.

26(a)(2) (eff. until Dec. 1, 2009). Those Rules have since been amended to state that a notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment, and that when calculating a period of time stated in days, every day, including weekends and holidays, is included. Fed. R. App. P. 4(a)(1) (eff. Dec. 1, 2009); Fed. R. App. P. 26(a)(1)(B) (eff. Dec. 1, 2009).

Petitioner's conviction became final on June 3, 2009, after the expiration of his ten-day period to file a direct appeal. Petitioner states that he wished to appeal his conviction and sentence, but his counsel did not file an appeal. Such an appeal, Petitioner contends, would have delayed the deadline for filing a § 2255 Petition, as would have the subsequent hypothetical petition for writ of certiorari that could have followed the hypothetical appeal. Petitioner, therefore, argues essentially that the deadline for filing his § 2255 Petition should have run from one of these hypothetical later dates. This cannot be true. The courts—and litigants—need certainty and certainty requires actual, not hypothetical deadlines. Petitioner could have, with reasonable diligence, determined whether his counsel filed an appeal, and then proceeded

accordingly. He did not. Petitioner was required to file his § 2255 Petition within a year of June 3, 2009. Petitioner did not file his Petition until October 16, 2018. Therefore, the Petition is untimely under 28 U.S.C. § 2255(f)(1).

To the extent Petitioner is arguing that rather than resetting the deadline under 28 U.S.C. 2255(f)(1) counsel's failure to file an appeal entitles him to equitable tolling, that argument is not correct. Even if counsel improperly failed to file a direct appeal, attorney negligence is generally not an extraordinary circumstance for purposes of equitable tolling. Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (refusing to equitably toll the period of limitation for a petitioner whose attorney missed the filing deadline by one day due to mental incapacity); Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) (rejecting argument that the limitation period should be equitably tolled because the delays were due to an incompetent attorney). A client, even one who is incarcerated, must oversee and take responsibility for his attorney's actions and failures. Modrowski, 322 F.3d at 968.

Under § 2255(f)(2), the one-year period begins to run from "the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(3). The Seventh Circuit has made clear that such an impediment must "prevent" a petitioner from filing a petition. Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002).

Petitioner claims "Petitioner's plea agreement was sealed from the Petitioner through governmental action until he was finally given a copy in April of 2018 . . . ." Mot. to Vacate, Set Aside, or Correct Sentence 41. Petitioner argues that the one-year period should then run from that unspecified date in April 2018.

The argument that Petitioner was prevented from filing a § 2255 Petition until such time as he was allegedly able to obtain a copy of his plea agreement cannot succeed. Petitioner signed the plea agreement and stated in open court that he was aware of the agreement's contents. Further, the paragraph immediately preceding Petitioner's signature states that he "read th[e] Plea Agreement carefully[,] . . . discussed it fully with [his] attorney," and "fully underst[ood] th[e] Agreement." Plea Agreement ¶ 25, Case No. 08-30058, d/e 17.

Furthermore, nothing on the docket of Petitioner's criminal case indicating that any action was taken in or about April 2018 to unseal the plea agreement or that a copy of the plea agreement was sent to Petitioner at that time. The only docket entry for the period spanning March, April, and May of 2018 states that a copy of a brief filed by Petitioner was mailed to him. Finally, nineteen of the twenty-two issues raised by Petitioner in his § 2255 Petition do not directly relate to his plea agreement. Petitioner does not explain why these could not have been raised earlier. Petitioner has not articulated a reason why his alleged inability to obtain a copy of his plea agreement until April 2018 constitutes governmental action which impeded him from filing a § 2255 Petition. See Lloyd, 296 F.3d at 633 (holding that State's failure to provide a trial transcript did not prevent petitioner from filing habeas petition and therefore did not constitute an impediment).

Under § 2255(f)(3), the one-year period begins to run on the date "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In Petitioner's § 2255 Petition,

under a section titled "Timeliness of the motion," Petitioner states that his "2255 motion is timely" because "[o]n June 18th, 2018, the United States Supreme Court decided Rosales-Mireles v. United States, 138 S. Ct. 1897 . . . ." Mot. to Vacate, Set Aside, or Correct Sentence 40.  The Government then devoted much of its response to addressing that argument.  See Resp. 11–27.  In Petitioner's reply, though, he inexplicably disclaims any reliance on Rosales-Mireles.  See Reply 16–17 ("[R]espondent was wrong about petitioner's 2255 being based on the Rosales-Mireles case . . . .").  Petitioner, however, then proceeds to argue at length that Rosales-Mireles recognized a new right which should be retroactively applicable to cases on collateral review.  See Reply 17–23.  Regardless, Rosales-Mireles did not establish a new rule that applies retroactively on collateral review.

In Rosales-Mireles, the Supreme Court considered the plain error standard in Federal Rule of Criminal Procedure 52(b).  138 S. Ct. at 1904.  Federal Rule of Criminal Procedure 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the [district] court's attention."  Rosales-Mireles sought to clarify the application of what is often

referred to as the fourth prong of the plain error analysis established in United States v. Olano, 507 U.S. 725 (1993). Rosales-Mireles, 138 S. Ct. at 1905.

In Olano, the Supreme Court established three conditions that must be met before a court of appeals may consider exercising its discretion to remedy a forfeited error. Olano, 507 U.S. at 732–33. There must first be an error that has been forfeited—that is, a failure to make the timely assertion of a right—as opposed to a right intentionally relinquished or abandoned. Id. at 733. "Second, the error must be plain—that is to say, clear or obvious." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (citing Olano, 507 U.S. at 734). Third, the error must have affected the defendant's substantial rights. Id. This generally means that the defendant must "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004)).

The fourth prong of the Olano plain error analysis directs a court of appeals, once the first three conditions have been satisfied, to "exercise its discretion to correct the forfeited error if the error

seriously affects the fairness, integrity or public reputation of judicial proceedings." Rosales-Mireles, 138 S. Ct. at 1905 (quoting Molina-Martinez, 136 S. Ct. at 1343). In Rosales-Mireles, the Supreme Court focused specifically on the Fifth Circuit's application of the fourth prong of the analysis, in which the Fifth Circuit has held that the error must "shock the conscience," a requirement not imposed by other circuits. Id. at 1905–06. Ultimately, the Supreme Court concluded that the Fifth Circuit's heightened standard was unduly restrictive. Id. at 1906–07. Therefore, Rosales-Mireles neither created a new right nor set forth a new rule, but rather the Supreme Court clarified the application of the plain error standard.

Those courts which have considered the impact of the Rosales-Mireles decision, have, thus far, unanimously concluded that Rosales-Mireles did not create a new right and that Rosales-Mireles does not apply retroactively. See, e.g., United States v. Hamilton, Case No. 02-40157-03-JAR, 2019 WL 2160835, at *2 (D. Kan. May 17, 2019) ("Rosales-Mireles does not establish a new rule of constitutional law that has been made retroactive to cases on collateral review . . . ."); Rembert v. United States, 2019 WL 1982521, at *2 n.2 (D. Me. May 3, 2019) ("Petitioner's timeliness

seriously affects the fairness, integrity or public reputation of judicial proceedings." Rosales-Mireles, 138 S. Ct. at 1905 (quoting Molina-Martinez, 136 S. Ct. at 1343). In Rosales-Mireles, the Supreme Court focused specifically on the Fifth Circuit's application of the fourth prong of the analysis, in which the Fifth Circuit has held that the error must "shock the conscience," a requirement not imposed by other circuits. Id. at 1905–06. Ultimately, the Supreme Court concluded that the Fifth Circuit's heightened standard was unduly restrictive. Id. at 1906–07. Therefore, Rosales-Mireles neither created a new right nor set forth a new rule, but rather the Supreme Court clarified the application of the plain error standard.

Those courts which have considered the impact of the Rosales-Mireles decision, have, thus far, unanimously concluded that Rosales-Mireles did not create a new right and that Rosales-Mireles does not apply retroactively. See, e.g., United States v. Hamilton, Case No. 02-40157-03-JAR, 2019 WL 2160835, at *2 (D. Kan. May 17, 2019) ("Rosales-Mireles does not establish a new rule of constitutional law that has been made retroactive to cases on collateral review . . . ."); Rembert v. United States, 2019 WL 1982521, at *2 n.2 (D. Me. May 3, 2019) ("Petitioner's timeliness

argument fails because Rosales-Mireles did not establish a newly recognized right, and it is not retroactively applicable to cases on collateral review." (citing Liburd v. United States, No. 1:11-cr-00377-ELH, 2018 WL 5016609, at *2 (D. Md. Oct. 15, 2018) for the same proposition)); United States v. Carrasco, 378 F. Supp. 3d 315, 315 (S.D.N.Y. May 1, 2019) ("Rosales-Mireles . . . did not identify a new right and make it retroactively available"); McClurkin v. United States, 2018 WL 4952794, at *2 (D. Md. Oct. 11, 2018) ("Rosales-Mireles . . . did not establish a new rule that applies retroactively to collateral actions under § 2255."); United States v. Twitty, Criminal No. 0:98-826-CMC, 2018 WL 4506802, at *5 (D.S.C. Sept. 20, 2018) ("Defendant's request is untimely as neither Molina-Martinez nor Rosales-Mireles have been made retroactively available to cases on collateral review."). Accordingly, Rosales-Mireles does not save Petitioner's untimely § 2255 Petition.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability. Reasonable jurists

would not dispute that the action is barred by the applicable period of limitations.  See 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (d/e 1) is DENIED.

ENTER: August 30, 2019

FOR THE COURT:

/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE